IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. PJM 97-343 |
| | * | |
| ALBERTO EPSINOSA, | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Alberto Espinosa, currently serving a term of imprisonment of 420 months, seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582(c) based on Amendment 782 to the United States Sentencing Guidelines.[1] The Government agrees that Espinosa is entitled to a reduction, but opposes the extent of the reduction. For the following reasons, the Court will **GRANT** Espinosa's Motion to Reduce Sentence (ECF No. 458) and reduce his sentence to 292 months in custody.

I.

Espinosa was involved in a drug trafficking conspiracy with eleven other co-defendants, in which Espinosa made multiple kilogram deliveries of cocaine to co-conspirators and continued to direct and receive payments for these deliveries, even while being incarcerated on another drug-related charge. Presentence Report ("PSR") ¶¶ 17, 19-20. On July 14, 1998, Espinosa was found guilty by a jury of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin and Conspiracy to Import Cocaine and Heroin. Verdict Form 1-2, ECF No. 205.

---

[1] This Motion was filed by counsel for Espinosa. Espinosa has also filed two *pro se* Motions to Reduce Sentence (ECF Nos. 439 and 452), which the Court will **MOOT**.

1

On November 3, 1998, Espinosa appeared in the United States District Court for the District of Maryland before Judge Williams (now retired) for sentencing. Judgment and Commitment Order 1, ECF No. 252. Under the 1997 United States Sentencing Guidelines,[2] the Probation Office calculated Espinosa's Offense Level at 40 and Criminal History category at III, yielding a guidelines range of 360 months to life imprisonment. PSR ¶¶ 42, 48, 52. At the sentencing hearing, Judge Williams adopted the Probation Office's factual findings and guidelines calculations in the PSR and sentenced Espinosa to 420 months on Counts I and II, each count to run concurrent. Judgment and Commitment Order 2, ECF No. 252. The Court also sentenced Espinosa to ten years supervised release. *Id.* at 3.

Espinosa's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 to the Sentencing Guidelines was filed on July 21, 2015. Def.'s Mot. Reduce Sentence 1, ECF No. 458. The Government consents to Espinosa's eligibility for a two-level sentence reduction, but objects to the extent of the relief sought. Gov't Resp. Opp'n 1, ECF No. 454.

## II.

Amendment 782 to the United States Sentencing Guidelines Manual, which became effective November 1, 2014, reduced the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses by two levels. The Sentencing Commission provided that Amendment 782 would apply retroactively. U.S.S.G. §§ 1B1.10(d)(e)(1).

Under 18 U.S.C. § 3582(c), a defendant may file a motion requesting the court to reduce his sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." The court

---

[2] Prior to *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines were mandatory for all convictions.

2

may reduce the defendant's term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The court weighs the factors as set forth in 18 U.S.C. § 3553(a) to determine both "(I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction...." U.S.S.G. § 1B1.10, app. n. 1(B). A defendant's sentence should not be reduced "to a term that is less than the minimum of the amended guideline range...." U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010).

### III.

Espinosa and the Government agree that he is eligible for relief under 18 U.S.C. § 3582(c) based on Amendment 782 to the Sentencing Guidelines. Gov't Resp. Opp'n 1, ECF No. 454. The parties also agree that, after applying the two-level reduction in the Offense Level pursuant to Amendment 782, Espinosa's revised guidelines range would be 292 to 365 months. *Id.* at 3. The parties disagree, however, with respect to the new sentence the Court should impose within that range. *Id.*

Espinosa contends that reducing his sentence to 292 months is within the Court's authority and would fulfill the policy statements in U.S.S.G. § 1B1.10. Def.'s Reply Gov't Resp. 1, ECF No. 457. He asserts that a sentence at the very bottom of the new guidelines range is warranted by factors such as his age, the length of time he has spent in custody, his spotless record during his time in custody for this offense, and the broader fiscal policy concerns of the Bureau of Prisons. *Id.* at 2. Espinosa criticizes the Government's percentage-based method because, he says, imposing a proportional sentence based solely on a mathematical calculation violates 18 U.S.C. §§ 3582(c)(2), 3553(a), and the Supreme Court's decision in *Pepper*. *Id.*

Arguing from a percentage-based methodology, the Government submits that a reduced sentence of 342 months is appropriate. Gov't Resp. Opp'n 2, ECF No. 454. The Government reasons that Espinosa was originally sentenced to serve 420 months, which was 116 percent of 360 months, the bottom of the original guidelines range, and that 342 months would represent 116 percent of the bottom of the revised guidelines range. *Id.* at 3. The Government takes the position that 342 months, 116 percent of 292 months, ensures an accurate and consistent sentence in line with the Sentencing Guidelines' policy statements. *Id.* Apart from this percentage-based approach, the Government submits that Espinosa should not receive a sentence at the low-end of the revised guidelines range because he was an integral part of the drug trafficking conspiracy even after his arrest for a separate crime. *Id.* at 4. They say his role in the drug conspiracy demonstrates a strong desire for the operation to continue. *Id.*

While the Court obviously acknowledges the seriousness of Espinosa's role in the offense, the Court agrees with Espinosa that a reduced sentence of 292 months is appropriate.

A federal court has discretion to issue a reduced sentence based on the new guidelines range, "calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines." *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010). In doing so, as noted above, a court must evaluate the factors set forth in 18 U.S.C. § 3553(a) for determining the extent of a sentence reduction within the amended guidelines range. U.S.S.G. § 1B1.10, app. n. 1(B). In calculating a defendant's new sentence, a court may also consider the "nature and seriousness of the danger to any person of the community that may be posed by a reduction in the defendant's term of imprisonment" as well as the "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.*

Although the Government's methodology is consistent in one respect,[3] the Court does not believe that such a sentence would actually capture the spirit of the relevant policy statements of U.S.S.G. § 1B1.10, especially in light of Espinosa's more recently displayed personal characteristics and the nature and circumstances of the offense.

Espinosa's age and post-conviction rehabilitation indicate that he is unlikely to present a danger to the community upon release. He is now 53 years old, and under the reduced sentence will not be released for another six to ten years, after which the Immigration and Customs Enforcement Service[4] has a detainer for his deportation. PSR ¶ 60. Espinosa has had an exemplary record in federal custody, without a single infraction during the last seventeen years. BOP Progress Report 7, ECF No. 457-2. He has been employed since incarceration, most recently holding a job in the Business Office for over three years. *Id.* at 5. He obtained his GED while in custody, completing over 1,100 hours of education courses. *Id.* at 3.

The Court also recognizes other matters that support its decision to reduce Espinosa's sentence to the low-end of the amended Guidelines Range. Espinosa's offense of conviction, though serious, was for a non-violent drug offense. As recognized by the Department of Justice, the previously mandatory sentencing guidelines for drug offenses (which were in effect at the time of Espinosa's sentencing) resulted in unnecessarily long sentences, which have in turn

---

[3] The method of percentage-based calculations typically employed by the Government in Amendment 782 cases involves determining the percentage of a defendant's sentence from the top of the old guidelines range, and then applying that percentage to the top of the new guidelines range to determine the reduced sentence. In this case, the top of the old guidelines range was life imprisonment. Thus, the Government elected to use the bottom of the new and old guidelines ranges to arrive at its recommended new sentence. As Espinosa notes, the Government could have employed its standard method by substituting "life imprisonment" for purposes of the calculation with 470 months, the statistically calculated length of life imprisonment. If it had done so, the Government would have arrived at a revised recommended sentence of 325 months – several months lower than its present recommendation. The Court declines to comment on the wisdom of the Government's modified percentage-based approach.

[4] The PSR refers to the Immigration and Naturalization Service (INS). This agency has ceased to exist since Espinosa was sentenced. Its functions have been transferred to U.S. Citizenship and Immigration Services, U.S. Immigration and Customs Enforcement (ICE), and U.S. Customs and Border Protection.

5

contributed to prison overcrowding. Eric H. Holder, Jr., Att'y Gen., Testimony at U.S. Sentencing Commission (March 13, 2014).[5] The purpose of the sentencing reduction initiative – including U.S.S.G. Amendment 782 – is to reduce the sentences of non-violent federal drug offenders, so that they are proportional to offenders' individual conduct. *Id.* This policy initiative is especially critical given the high cost of incarceration.[6] *Id.* The Court finds here that a revised sentence of 292 months – nearly 25 years – still reflects the seriousness of Espinosa's offense and his role in a drug trafficking conspiracy, but also takes into account his personal characteristics and the cost to society of his continued incarceration. *See* 18 U.S.C. § 3553(a)(2) (requiring a court to impose a "just" sentence).

The Court concludes Espinosa's proposed sentence of 292 months is sufficient, but not greater than necessary to meet the goals of sentencing. 18 U.S.C. § 3553(a).

## IV.

For the foregoing reasons, Espinosa's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **GRANTED**.

---

[5] *See also United States v. Chavez*, 230 F.3d 1089, 1092 (8th Cir. 2000) (Bright, J., concurring) (discussing the substantial costs on society of the lengthy prison sentences for non-violent drug offenders under the previous mandatory guidelines regime).

[6] The Bureau of Prisons spends on average $24,538 each year to incarcerate an aging inmate. U.S. Dep't of Justice, Office of the Inspector General, The Impact of an Aging Inmate Population on the Federal Bureau of Prisons (May 2015), https://oig.justice.gov/reports/2015/e1505.pdf.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

June 13, 2016