IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **Crim. No. PJM 97-343** |
| | * | |
| **ALBERTO ESPINOSA**, *pro se* | * | |
| Defendant | * | |

## MEMORANDUM OPINION

On April 13, 2015, Defendant Alberto Espinosa filed a Motion Requesting a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c) and Federal Rules of Appellate Procedure 22(b) (ECF No. 450). In substance, this Motion seeks to vacate Espinosa's sentence, as he challenges the calculation of his offense level based on drug quantity. As such, the Court will construe it as a Motion to Vacate under 28 U.S.C. § 2255. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998).

On February 26, 2001, Espinosa previously filed a Motion to Vacate under 28 U.S.C. § 2255, ECF No. 325, which was considered and denied by Judge Williams of this Court (now retired). ECF No. 346. On December 2, 2013, Espinosa filed a Motion Requesting Certificate of Appealability Pursuant to 28 U.S.C. §§ 2244(d)(1) & (d)(1)(D) (styled similarly to the instant Motion), ECF No. 444, which Judge Chasanow of this Court construed as a successive Motion to Vacate, ECF No. 448. Judge Chasanow not only denied this Motion, but also explained to Espinosa that he must obtain permission for the filing of a successive petition from the United States Court of Appeals for the Fourth Circuit (and directed the Clerk of Court to provide Espinosa with instructions on how to do so). *Id.* When Espinosa subsequently petitioned the

1

Fourth Circuit for permission to file a successive Motion to Vacate, the court of appeals denied his petition on April 2, 2014. ECF No. 449.

Despite the fact that this Court has informed Espinosa that it lacks jurisdiction to consider another 28 U.S.C. § 2255 motion to vacate unless he first obtains authorization from the Fourth Circuit Court of Appeals, Espinosa has failed to show proof of such authorization with respect to the instant Motion. Accordingly, in the absence of pre-filing authorization, the Court lacks jurisdiction to consider Espinosa's successive Motion to Vacate Sentence. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The Court therefore dismisses Espinosa's successive Motion to Vacate Sentence with prejudice and declines to issue a certificate of appealability.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 29, 2016